Schmidt v. Hughes.

---

## Matthias Schmidt
### v.
## William M. Hughes.

*Malicious Prosecution— Probable Cause— Larceny— Damages— Evidence.*

It is proper in an action for malicious prosecution to admit evidence of damage suffered after the bringing of suit and before trial thereof.

[Opinion filed April 17, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. A. N. Waterman, Judge, presiding.

Mr. GEORGE F. WESTOVER, for appellant.

If appellant was justified in having a strong suspicion of appellee's guilt, he was justified in causing the arrest.

The Supreme Court of this State, in an early case (Ross v. Innes, 35 Ill. 487), defined probable cause to be "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged." This definition was adopted in Chapman v. Cawrey, 50 Ill. 512; Ames v. Snider, 69 Ill. 376; Palmer v. Richardson, 70 Ill. 544; Davie v. Wisher, 72 Ill. 262.

In a later case the same court modified the definition somewhat, in these words: "Such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe, or entertain an honest and strong suspicion that the person accused is guilty." Harpham v. Whitney, 77 Ill. 32. The Appellate Court has recognized the modification, and has held that an instruction to the jury, stating the belief of a prosecutor must be based on facts sufficient to produce in the mind of the prosecutor a conviction of the guilt of the accused, is erroneous; that it is sufficient if the facts are such as to create in a reasonable mind a strong suspicion of guilt. Keep v. Griggs, 12 Ill. App. 511.

Defendant acted on information of facts sufficient even to convict.

Defendant missed lumber, and he was told by several persons that they saw plaintiff taking it. Defendant denies the taking. This alone was probable cause for the arrest.

In Drodin v. Descalso, 66 Cal. 415, it was held that where the defendant was informed by a child eleven years old that she saw the plaintiff stealing, it showed probable cause for the plaintiff's arrest; and where a third person told the defendant that he saw the stolen property in plaintiff's possession, it was held sufficient to constitute probable cause for the arrest of the plaintiff. Beenar v. Dunlap, 94 Pa. St. 329.

If the appellant had probable cause for making the charge against appellee, it matters not whether he also harbored mal-

Schmidt v. Hughes.

ice against him. Leyenberger v. Paul, 12 Ill. App. 635; McFarland v. Washburn, 14 Ill. App. 369; Chapman v. Cawrey, 50 Ill. 512; Ames v. Snider, 69 Ill. 376.

Mr. B. M. Munn, for appellee.

Probable cause is a reasonable ground of suspicion supported by such circumstances as will warrant a reasonable and cautious man to believe the party guilty. Ames v. Snider, 69 Ill. 376; Barrett v. Spaids, 70 Ill. 408; McDaid v. Bevins, 85 Ill. 238.

The court and jury had the best opportunity to notice the conduct and bearing of appellant as he testified before them, and they could not believe that a man so furious, revengeful and mercenary could be possessed of reason or caution; much less could they believe that appellant caused the arrest in good faith. Mere good faith or belief is not sufficient; it must be a reasonable belief of a prudent man. Bishop v. Bell, 2 Ill. App. 551; Ross v. Ennis, 35 Ill. 487.

The proof in this case shows an absence of good faith, a want of prudence, and a neglect on the part of appellant to consult a reputable attorney as to what course to pursue. Collins v. Hayte, 50 Ill. 357; Anderson v. Friend, 71 Ill. 475.

To prove the want of probable cause we have both the positive and negative testimony of appellant himself: "I arrested Hughes because he would not pay me my demand of $100." "I did it to get even with him."

And it was shown by his own testimony that he was actuated by indirect and improper motives. Splane v. Byrne, 9 Ill. App. 392.

GARNETT, P. J. The judgment of the court below is assailed because appellee, the plaintiff, was permitted to introduce evidence of damage which he claimed to have suffered after the suit was brought.

The action was for malicious prosecution, the declaration charging appellant with causing appellee's arrest on a charge of larceny. The evidence complained of tended to show that after the suit was commenced and before the trial the plaintiff

was unable, on account of the charge made against him by defendant, to procure steady employment, as he had formerly done, in his trade as plasterer and bricklayer.   Sutherland, in his work on Damages, Vol. I, p. 187, says : " It is not essential, however, that all the injurious effects of the act which constitutes the cause of action, should have been developed and suffered before suit; it is immaterial to the right to recover for them, when the effects manifest themselves with reference to the time of bringing suit.   *   *   *   The actual effects done to the time of the trial are provable."   See also Cooper v. Randall, 59 Ill. 321.

There was evidence tending to support the verdict on the material points of inquiry, and we fail to discover that it so decidedly preponderates in favor of the appellant on the question of probable cause, as to require interference by this court. There is no error and the judgment is affirmed.

*Judgment affirmed.*